## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

JOSE ROMO, JERONIMO MAZARIEGO,
and MARCO MARTINEZ HERNANDEZ,

       Plaintiffs,

v.                                        Case No. 20-cv-2627

HERNANDEZ MEXICAN GRILL, INC. d/b/a EL
GALLITO MEXICAN RESTAURANT AND BAR and
ALBERTO HERNANDEZ,

       Defendants.

## COMPLAINT

Plaintiffs Jose Romo, Jeronimo Mazariego, and Marco Martinez Hernandez (collectively, "Plaintiffs"), through their attorneys, bring this action against Defendants Hernandez Mexican Grill, Inc. and Alberto Hernandez under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for various violations of the overtime and minimum wage requirements. Additionally, Plaintiffs bring this action against Defendants for breach of contract and quantum meruit under Tennessee law.

### I. JURISDICTION

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     The Court has supplemental jurisdiction over Plaintiffs state law claims under 28 U.S.C. § 1367.

## II. FACTS

### A. Parties

3.      Plaintiff Jose Romo is an adult resident of Memphis, Tennessee.  During the applicable statutory period, Plaintiff Romo worked as a bartender for Defendants.

4.      Plaintiff Jeronimo Mazariego is an adult resident of Memphis, Tennessee.  During the applicable statutory period, Plaintiff Mazariego worked as a cook for Defendants.

5.      Plaintiff Marco Martinez is an adult resident of Memphis, Tennessee.  During the applicable statutory period, Plaintiff Martinez worked as a cook for Defendants.

6.      Defendant Hernandez Mexican Grill, Inc. ("El Gallito") is a for profit corporation formed and organized under Tennessee state law and does business as El Gallito Mexican Bar & Grill.   During the applicable statutory period conducted business as restaurants at 5848 Winchester Ave., Memphis, TN 38115 and 6058 Highway 305, Olive Branch, MS 38654.

7.      At all relevant times herein, Defendant El Gallito was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.      Defendant El Gallito is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

9.      Defendant El Gallito is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, El Gallito is a Mexican Restaurant and has annual sales of not less than $500,000. El Gallito shared staff, supplies, and food product between its two restaurant locations.

10.     Defendant Alberto Hernandez is the owner of Defendant El Gallito, and at all times herein, Defendant Hernandez has been the employer of Plaintiffs under the meaning of 29 U.S.C. § 203(d), since he has acted directly in the interest of Defendant El Gallito in relation to establishing the terms and compensation of Plaintiffs' employment, including but not limited to making the decision not to compensate Plaintiffs at the required overtime and minimum wage rates. Defendant Hernandez is believed to be a resident of Memphis, Tennessee.

### B. Factual Allegations

### 1. Wage & Hour Violations

11.     Plaintiffs brings this action on behalf of themselves as authorized under 29 U.S.C. § 216(b).

12.     Plaintiff Romo was employed as a bartender from approximately May 20, 2019 until September 23 or 24, 2019 at the 5848 Winchester Ave. location but conducted some work at the Olive Branch location.

13.     Plaintiff Jeronimo Mazariego was employed as a cook at El Gallito from September 2, 2019 until February 16, 2020 at the Olive Branch location. Mr. Mazariego interviewed for the position at the Winchester location and received his offer of employment there. Further, Plaintiff Mazariego was paid with checks issued from the Winchester location.

14.     Plaintiff Marco Martinez worked as a cook at El Gallito from May 6, 2019 until September 1, 2019 at the Winchester location.

15.     The FLSA requires covered employers, such as Defendants, to compensate all employees at a minimum hourly wage of $7.25 per hour and all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.  During the applicable statutory period, Defendants suffered and permitted Plaintiffs to routinely work more than forty (40) hours per week without overtime compensation and/or without being compensate at the minimum wage rate.

16.     Plaintiff Romo was initially paid $9.50 per hour plus tips for the first three weeks of his employment and then was paid $8.50 per hour plus tips thereafter.  He regularly worked in excess of 80 hours per week but was never compensated at a rate of one and one-half times the regular rate of pay for those hours worked over forty (40) in a week.

17.      Mr. Mazariego was a cook and worked up to nearly 100 hours per week (7:00 a.m. to 9:00 p.m., 7 days per week) and was paid $950 per week regardless of the number of hours worked.  He never received compensation for overtime.

18.     Mr. Martinez worked as a cook for El Gallito's Winchester location and was paid $750 per week regardless of the number of hours worked.  He regularly worked 96 hours per week but was never compensated at the proper overtime rate.

19.     The exact amounts of unpaid overtime compensation owed to are not presently known to the Plaintiff but will be determined through discovery.  At this juncture, Plaintiff Romo believes he is owed $2,000 in unpaid overtime.   Plaintiff Mazariego believes he is owed approximately $7,000, and Plaintiff Martinez is owed approximately $4,000.

20.     As a result of their actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 206(a)(1) and § 207(a)(1), with respect to Plaintiffs.  Thus, Plaintiffs suffered a loss of wages.

21.     Defendants allowed Plaintiff Romo to work for 8.5 weeks during which time he received only tips and no hourly compensation.  In failing to compensate Plaintiff Romo during this time period, Defendants violated Section 3(m) of the FLSA, which permits employers to take a tip credit toward its minimum wage obligation for tipped employees and compensate tipped employees at a minimum hourly wage of $2.13 per hour with a maximum tip credit of $5.12 per hour.  29 U.S.C. §203(m); 29 C.F.R. § 531.59(b).  In other words, Defendants took a tip credit in excess of the permitted amount thereby failing to pay Plaintiff Romo the required minimum wage and overtime rates.

22.     Defendants also failed to compensate Plaintiff Mazariego for 11 weeks of pay and Plaintiff Martinez for two weeks of pay.  As a result, Defendants failed to comply with the FLSA's required minimum wage and overtime obligations.

23.     Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

24.     The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

## 2. Breach of Contract and Quantum Meruit Claims

25.     In addition to the violations of the FLSA, Defendants allowed Plaintiffs to work for extended periods of time without any compensation.

26.     For example, despite promising to pay Plaintiff Romo an hourly wage of $8.50 per hour in exchange for his services as a bartender, Defendants permitted Mr. Romo to work for

8.5 weeks without receiving any compensation other than tips. For this time period, Defendants owe Plaintiff Romo at least $7,225.00.

27.     Plaintiff Mazariego worked for 11 weeks without being compensated other than by tips despite Defendants repeated promises to pay him for his work. As a result, he is owed at least $10,450.00.

28.     Further, Plaintiff Mazariego agreed to incur $3,500 in expenses for which Defendants were to repay him. Despite that agreement, Defendants never paid Plaintiff Mazariego back for those expenses.

29.     Lastly, Plaintiff Martinez worked two weeks without compensation despite Defendants agreement to pay him for his labor. As a result, Plaintiff Martinez is owed at least $1,500.00.

30.     Defendants actions constitute breach of contract in violation of Tennessee law for which Plaintiffs are entitled to damages.

31.     Even assuming the parties did not have an agreement, Plaintiffs claim quantum meruit for compensation for the labor and work performed for Defendants in the foregoing amounts.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1.     Judgment against Defendants for an amount equal to unpaid back wages at the applicable minimum wage and overtime rates;

2.     Judgment against Defendants that its violations of the FLSA were willful;

3.     An equal amount to the minimum wage and overtime damages as liquidated damages;

4.     All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6.      Leave to amend to add other defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d);

7.      An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit;

8.      Payment for monetary damages resulting from Defendants breaches of contract with Plaintiffs; and

8.      For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/Bryce W. Ashby
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFFS